*OPINION OF THE ATTORNEY GENERAL*
**Cite as: Opinion No. 99-011 (June 16, 1999)**
**(unpublished)**


**MOTOR VEHICLE ADMINISTRATION —
LICENSING — ALCOHOL-RELATED OFFENSES —
DRIVER WHO HAS REFUSED BREATH TEST MAY
OBTAIN MODIFICATION OF LICENSE
SUSPENSION TO PARTICIPATE IN MVA IGNITION
INTERLOCK PROGRAM**


**CORRECTED COPY**

June 16, 1999


The Honorable Joseph F. Vallario, Jr.
121 Lowe House Office Building
Annapolis, Maryland 21401-1991

Dear Delegate Vallario:

You have asked our opinion whether the Motor Vehicle Administration ("MVA") may modify a suspension of a driver's license or issue a restrictive license for an individual who participates in the MVA's Ignition Interlock System Program for at least one year, even if the individual previously refused a breath test.

Your question is based upon Annotated Code of Maryland, Transportation Article ("TR"), §16-205.1(n)(4), which reads:

> (4) In addition to the authority to modify a suspension or issue a restrictive license under paragraph (1) or (2) of this subsection, the Administration may modify a suspension under this section or issue a restrictive license to a licensee who participates in the Ignition Interlock System Program established under §16-404.1 of this title for at least 1 year.

That paragraph was added to the statute in 1998 as part of House Bill 928. *See* Chapter 526, Laws of Maryland 1998. Apparently, a question has arisen whether an individual must also satisfy the conditions of paragraphs (n)(1) or (n)(2) of TR §16-205.1 to be eligible for a restricted license or suspension modification under paragraph (n)(4). For example, an individual is ineligible for relief from a license suspension under paragraphs (n)(1) or (n)(2) if the individual refused to take a breath test.

In a prior letter of advice, a copy of which is attached, Assistant Attorney General Richard E. Israel concluded that TR §16-205.1(n)(4) authorizes the MVA to modify a suspension or issue a restrictive license to an individual who participates in the ignition interlock program for at least a year even if the individual does not satisfy the conditions of paragraphs (n)(1) or (n)(2). Mr. Israel's analysis was based upon the plain language of paragraph (n)(4) and paragraph (n)(3), which reiterates that an individual who refuses to take a breath test is ineligible for relief from a license suspension "except as provided under" paragraph (n)(4).

Mr. Israel's conclusion is confirmed by other parts of the bill, as well as its legislative history. House Bill 928 also amended various provisions of the statute to clarify the advice concerning administrative sanctions that a police officer must give a driver suspected of driving while intoxicated. In particular, the bill amended the portion of TR §16-205.1(b)(2)(iii) that requires an officer to advise the driver that refusal of a breath test renders the driver ineligible for relief from a license suspension. That amendment added a specific cross-reference to paragraphs (n)(1) and (n)(2), but omitted any cross-reference to paragraph (n)(4). Other cross-references were similarly amended. *See* TR §16-205.1(b)(3)(vii)(3), (f)(7)(i)(3), (f)(8)(i)(3).

Moreover, a review of the legislative history of House Bill 928 demonstrates that parties interested in that legislation understood that the bill would permit the MVA to modify a suspension for a driver who did not necessarily satisfy the conditions of paragraph (n)(1) or (n)(2). For example, while the bill was before the House Judiciary Committee, Mothers Against Drunk Driving ("MADD"), which otherwise supported the bill, expressed concern that a person who refused a breath test could obtain a restricted license under paragraph (n)(4) without any suspension. Letter of Brenda S. Barnes, State Executive Director, MADD. The MVA itself expressed a similar concern, but indicated support for the bill if the driver were required to participate in the ignition interlock program for at least one year. Comments of Maryland Department of Transportation as to House Bill 928 (April 4, 1998). Apparently in response to these concerns, the bill, which originally did

not specify a minimum period of participation in the program, was amended to require participation for at least one year.[1]

Accordingly, we conclude that TR §16-205.1(n)(4) authorizes the MVA to modify a suspension or issue a restrictive license to an individual who participates in the MVA's Ignition Interlock System Program for at least a year even if the individual does not satisfy the conditions of paragraphs (n)(1) or (n)(2). We understand that this interpretation of TR §16-205.1(n)(4) also reflects the settled policy of the MVA, the agency charged with administering this statute. Therefore, this interpretation is binding on the Office of Administrative Hearings and will be accorded substantial deference by the courts. *See* Md. Ann. Code, State Government Article, §10-214(b); *Department of Tidewater Fisheries v. Sollers*, 201 Md. 603, 615, 95 A.2d 306 (1953).

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Robert N. McDonald
> *Chief Counsel*
>   *Opinions & Advice*

---

[1] As originally proposed, the new fourth paragraph of TR 16-205.1(n) would have read:

> (4) In addition to the authority to modify a suspension or issue a restrictive license under paragraph (1) or (2) of this subsection, the Administration may modify a suspension under this section or issue a restrictive license to a licensee who participates in the Ignition Interlock System Program established under §16-404.1 of this title.

The bill was amended in the House Judiciary Committee to require participation in the program for at least 180 days, but no more than one year. That amendment was further modified in the Senate to require participation in the program for at least one year.